No. 15,146.

DAY, ADMINISTRATRIX *v.* DILL, ASSIGNEE ET AL.
(127 P. [2d] 278)

Decided June 15, 1942.

Mr. A. X. ERICKSON, Mr. DON B. OLIVER, for plaintiff in error.

Mr. HARRY A. FEDER, for defendants in error.

*In Department.*

MR. CHIEF JUSTICE YOUNG delivered the opinion of the court.

THIS cause is before us on application for writ of supersedeas, plaintiff in error seeking to reverse a judgment of the county court of the City and County of Denver dismissing an appeal from a judgment of a justice of the peace.

In the trial before the Justice of the Peace, judgment was rendered against defendant, Dr. Howard H. Day, for one hundred forty-six dollars and costs. Defendant thereafter filed his appeal bond in the county court, but subsequently died and Agnes A. Day, the administratrix of his estate, was substituted as defendant. The plaintiff in the action as originally filed was V. Dill, alleged to be the assignee of the original creditor. Prior to the time the case was called for trial in the county court, the assignee plaintiff assigned her interest to three persons who were substituted as parties plaintiff. After these substitutions the case was called for trial in the county court, a jury impaneled, and statements of the case were made to the jury by counsel for the respective parties. Counsel for plaintiffs then stated that he desired to call Mrs. Day, the administratrix of the de-

ceased original defendant, for cross-examination. Mrs. Day was not in court, because, owing to the condition of her health she was absent from the state, but she was represented by counsel whose appearance had been regularly entered. Plaintiff's counsel then moved that the appeal be dismissed because defendant was not in court and available for cross-examination. The court granted this motion, and its action in so ruling is assigned as error.

██ Plaintiff's counsel advises us of no principle of law authorizing a dismissal of the appeal on the ground set forth in his motion. So far as we know, or are able to ascertain, there is no law to support such action. He also has filed herein "cross-specification of points," one of which is, that the order of the county court dismissing the appeal is not such a final judgment as affords a basis for review by this court. We likewise overrule this specification. There was a judgment against defendant in the justice of the peace court from which the appeal was prosecuted to the county court. This appeal being dismissed, we fail to see how such disposition, as to plaintiff, is in any way lacking in finality.

The judgment is reversed and the cause remanded for further proceedings in accordance with law.

MR. JUSTICE KNOUS, MR. JUSTICE BURKE, and MR. JUSTICE JACKSON concur.