No. 16,622.

HILTIBRAND *v*. BROWN.
(234 P. [2d] 618)

Decided July 2, 1951.

Messrs. WOLVINGTON & WORMWOOD, Mr. FORREST C. O'DELL, for plaintiff in error.

Messrs. QUAINTANCE & JOHNSON, for defendant in error.

*En Banc.*

Mr. JUSTICE ALTER delivered the opinion of the court.

TILLIE J. HILTIBRAND brought an action against Walter E. Brown to recover judgment for personal injuries and property damage resulting from an automobile collision. Brown filed his answer and cross complaint, and thereafter Gail A. Hiltibrand, husband of plaintiff and the driver of her automobile, was made a third party de-

fendant. At the time this action was set for trial, it appeared that Gail A. Hiltibrand, third party defendant, was dead, the action as to him was dismissed, and plaintiff's action was dismissed with prejudice.

By stipulation the depositions of plaintiff and Gail A. Hiltibrand were taken, and subsequently, upon due notice, direct interrogatories were propounded to and answered by plaintiff, defendant declining to submit cross interrogatories.

At the trial plaintiff did not appear in person, being then a resident of Oregon, whereupon defendant's counsel moved that the action be dismissed "for the reason that we will have no opportunity to cross-examine the witness who is the real party in interest here, and the jury who will be called to try the case will have no basis upon which to weigh the testimony or to judge the credibility of the witness. We claim it to be our right and the jury's right in every case to hear at least the party who is seeking, or upon the face of the matter is seeking, a recovery from us, and to determine upon the credibility of her evidence. We therefore ask that the case be dismissed at this time."

The court, in ruling upon said motion, specified three grounds upon which he based his action; ultimately, however, his dismissal of the cause with prejudice was based upon the following ground only (the other two grounds being withdrawn): "The Court is of the opinion that the absence of the plaintiff, without good cause shown, is prejudicial to the rights of the defendant, and that a proper trial can not be held, and that her failure to appear is tantamount to her failure to prosecute, although her attorney has offered to proceed with the matter on her behalf."

Section 1, chapter 236, S.L. Colo. '41, provides, inter alia, that "Neither parties nor other persons who have an interest in the event of an action or proceeding shall be excluded [as witnesses]; * * *."

Rule 26 (a), R.C.P. Colo., provides for the taking of

54

depositions after jurisdiction has been acquired, and 26 (d) (3), provides for the use of depositions; 26 (a), so far as applicable here, is substantially the same as rules 376-88 of the Code of Civil Procedure, and our decisions under the Code are applicable to the instant case.

 Whether plaintiff could have produced sufficient evidence to avert a motion for dismissal at the conclusion of her case is beside the question, but clearly she was entitled to introduce whatever evidence was available in support of her cause of action, and the court erred in denying her that right. The depositions and interrogatories were admissible as evidence in support of plaintiff's cause of action. Under the factual situation here, her absence was a matter of which neither defendant nor the court could take advantage. *Doherty v. Healy*, 36 Colo. 460, 86 Pac. 323; *Day, Admx. v. Dill, Assignee et al.*, 109 Colo. 507, 127 P. (2d) 278; *Arnstein v. Porter*, 154 F. (2d) 464; *Weiss v. Weiner*, 14 F.R.S. 500, 10 F.R.D. 387; 53 Am. Jur., p. 42, §24; 26 C.J.S., p. 930, §92 (b).

Accordingly, the judgment is reversed and the cause remanded for further proceedings consistent herewith.