Brown, Appellant, *v.* Best et al., Appellees

[Cite as Brown v. Best (1974), 44 Ohio App. 2d 82.]

(No. C-73513—Decided November 25, 1974.)

*Mr. James G. Lutz,* for appellant.
*Messrs. Beirne & Wirthlin* and *Mr. Gates T. Richards,* for appellees.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket and journal entries; the original papers from the Court of Common Pleas of Hamilton County; the transcript of the proceedings; the assignments of error; and the briefs and arguments of counsel.

The action is one in which plaintiff, the appellant herein, sought a judicial dissolution of his partnership with defendants, the appellees. The complaint was filed on April 15, 1971 and a trial of the issues commenced on September 24, 1973, without the attendance of the plaintiff. On the morning of the second day of trial, September 25, 1973, counsel for plaintiff advised the court that plaintiff could not be present for trial because of the demands of his medi-

cal practice then being carried on in another state, and for that reason a continuance was requested. After considerable discussion between the court and both counsel, the details of which are not pertinent here,. the motion for a continuance was overruled. Coincident with the motion for a continuance, the court was considering defendant's motion for dismissal with prejudice, and in the same breath in which the motion for a continuance was overruled, the motion for dismissal with prejudice was granted.

Immediately, counsel for plaintiff stated: "We are prepared after the * * * overruling of our motion for a continuance to proceed with certain evidence to the court, and I think we should have the opportunity to do that." After some remarks by the opposing counsel, counsel for plaintiff said: "We are ready to proceed with the case. * * *I would certainly think that we would have the opportunity to continue with the trial of the case." He outlined to the court in general terms what he intended to offer. Nevertheless, the court restated its ruling granting the motion to dismiss with prejudice.

The entry by which the court's ruling was journalized recites, in part:

"Upon due consideration the court finds that plaintiff has failed to prosecute and the plaintiff, Thomas E. Brown, was not present when said case proceeded to trial."

The assignments of error are:

"(1.) The trial court erred by dismissing plaintiff-appellant's complaint with prejudice immediately after the denial of plaintiff-appellant's motion for continuance even though plaintiff-appellant, by his counsel, promptly advised the court that he was ready to proceed with presentations of testimony and evidence to support his case."

"(2.) The trial court erred when it dismissed plaintiff-appellant's case with prejudice."

Since in our estimate both assignments raise the same question, they will be ruled upon simultaneously. Article I, Section 16 of the Constitution of Ohio provides, in pertinent part:

"All courts shall be open, and every person, for an in-

jury done him in his land, goods, person, or reputation; shall have remedy by due course of law, and shall have justice administered without denial or delay.''

Here, the court must be held to have been aware that despite the denial of his motion for a continuance plaintiff intended to present whatever evidence was available to maintain the issues on his part. Under the circumstances disclosed by the record, the denial of the opportunity so to do constituted an abuse of discretion resulting in a denial of due process of law to the plaintiff. A litigant has a constitutional guarantee of access to the courts and to deny him the opportunity to pursue his course to its end when he stands ready to do so deprives that litigant of that fundamental right.

Consequently, the assignments of error are well taken.

The judgment of the Court of Common Pleas of Hamilton County is reversed and this cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

HESS, P. J., SHANNON and PALMER, JJ., concur.