## 55824. ELMER FOX, WESTHEIMER & COMPANY v. B-X CORPORATION.

BIRDSONG, Judge.

Appellant, Elmer Fox, Westheimer & Co., brought suit against the B-X Corporation on account for professional services as a certified public accountant. On the day the trial was called, appellant's counsel announced that a representative of his client was not yet present but was on the way to court. Counsel then moved for a continuance, which the trial court denied. Counsel then announced ready for the plaintiff. Defendant's counsel waived voir dire and plaintiff's counsel commenced selection of a jury. Approximately 30 minutes after the case had been called and while plaintiff's counsel was conducting voir dire of the fourth juror, an employee of the court informed the court that plaintiff had called to state that the plaintiff was leaving his office and would be at the court in approximately 20 minutes. The trial court, apparently believing that it had been misled by plaintiff's counsel stating that plaintiff had been on the way to the court during the 30 minutes rather than just leaving the office, sua sponte dismissed the plaintiff's complaint for lack of prosecution. Appellant moved for a new trial urging that inasmuch as plaintiff was represented by counsel when the case was called and that counsel was engaged in striking a jury when the case was dismissed, that the trial court abused its discretion in dismissing the case. That dismissal and the denial of the motion for new trial constitute the enumerations of error. *Held:*

We conclude that the trial court abused its discretion in dismissing the case simply because the plaintiff himself was not present. At the argument on the motion for new trial, the trial court was advised that plaintiff in fact had been outside the courtroom immediately after the case had been dismissed. While this alone did not result in an abuse of the trial court's discretion, it does indicate that the dismissal was precipitate. There was no showing that plaintiff's counsel could not have proceeded with the case until the plaintiff arrived. The trial court indicated in its ruling that the case should have been dismissed on

the "three minute" rule. See Code Ann. § 24-3341. However, that rule seemingly contemplates a dismissal where the plaintiff is not represented or if represented does not announce ready or move for a continuance. The facts here show that plaintiff was represented when the case was called, moved for a continuance, and when that was denied, announced ready and proceeded with the trial. We think the better rule is stated in *Franks v. Reid,* 128 Ga. App. 454 (197 SE2d 154), where this court held that where counsel for the plaintiff announced ready for trial, it was error for the trial judge to dismiss the action for want of prosecution based on the fact that the plaintiff himself was not present.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED MAY 15, 1978 — DECIDED JUNE 22, 1978.

*Berthold & Gordon, James J. Brissette, Richard A. Gordon,* for appellant.

*Worozbyt & Nodvin, Marvin P. Nodvin,* for appellee.