[No. 7111–1.   Division One.   December 17, 1979.]

JAMES D. SPRINGER, *Appellant,* v. THE DEPARTMENT OF LICENSING, *Respondent.*

*Warner & Resick* and *Thomas J. Resick,* for appellant.

*Slade Gorton, Attorney General,* and *James R. Silva, Assistant,* for respondent.

RINGOLD, J.—This is an appeal by petitioner James Springer from an order dismissing his appeal for a hearing de novo before the Superior Court after a suspension of his driver's license by the State of Washington Department of Licensing (Department) for his failure to submit to a chemical test of his breath.[1] We find that the trial court erred in dismissing the action when Springer failed to personally appear in the trial court at the time set. The court asked if the parties were ready to proceed and Springer's attorney stated that the petitioner was absent but asked that the matter be permitted to proceed. The trial court dismissed the case some 30 minutes after the time set for trial on the basis of Springer's absence.

The Department seeks to sustain the dismissal under the provisions of RCW 4.56.120(3) which provides:

An action in the superior court may be dismissed by the court and a judgment of nonsuit rendered in the following cases:

. . .

(3) When the plaintiff fails to appear at the time of trial and the defendant appears and asks for a dismissal.

RCW 4.56.120 is not applicable to the appeal from the Department's ruling. The statute governing the appeal in

---

[1] RCW 46.20.308(3) provides for revocation of the license to drive of one refusing the Breathalyzer examination.

this case, RCW 46.20.334 provides that "Any person . . . whose license has been suspended or revoked by the department . . . shall have the right . . . to file a notice of appeal in the superior court in the county of his residence. The hearing on the appeal hereunder shall be de novo."

Though Springer, by petitioning for a de novo trial pursuant to RCW 46.20.334, is the ostensible moving party, the burden of going forward and of proof rests upon the Department. RCW 46.20.308(4) provides:

> The scope of such hearing for the purposes of this section shall cover the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor, whether the person was placed under arrest and whether he refused to submit to the test upon request of the officer after having been informed that such refusal would result in the revocation or denial of his privilege to drive.

Springer is an aggrieved party exercising his right of appeal pursuant to RCW 46.20.334. He is not the "plaintiff" within contemplation of RCW 4.56.120.

Springer resists the dismissal on the basis of RCW 4.44-.030, which provides as follows:

> Either party, after the notice of trial, whether given by himself or the adverse party, may bring the issue to trial, and, in the absence of the adverse party, unless the court for good cause otherwise directs, may proceed with his case, and take a dismissal of the action, or a verdict or judgment, as the case may require.

Neither this statute nor RCW 4.56.120, for that matter, answers the issue in this case, *viz.,* whether a party may be considered absent when his counsel is present. We look, then, to the statute RCW 46.20.334 and its proper interpretation for an answer to this question.

■■ Clarification of the meaning of the de novo trial can be derived from other statutes in pari materia with the statute being considered. *State v. Felix,* 78 Wn.2d 771, 776, 479 P.2d 87 (1971); *Whitehead v. Department of Social &*

*Health Servs.,* 92 Wn.2d 265, 267, 595 P.2d 926 (1979). RCW 12.36.010 provides that "Any person considering himself aggrieved by the judgment or decision of a justice of the peace in a civil action may, *in person or by his agent or attorney,* appeal therefrom to the superior court of the county where the judgment was rendered or decision made . . ." (Italics ours.) RCW 12.36.050 further provides that "the superior court shall . . . proceed in the same manner, as near as may be, as in actions originally commenced in that court . . ." These two statutory provisions, both dealing with de novo appeals, can be understood to indicate what the legislature contemplates when it makes provision for de novo appeals. It is clear that the de novo appeals must be treated just as actions originally commenced in superior court.

It is, of course, true that the character of de novo review that is statutorily provided by one statute may differ from de novo review provided by another. *Floyd v. Department of Labor & Indus.,* 44 Wn.2d 560, 269 P.2d 563 (1954). The nature of de novo review available for driver's license revocations, however, has been held to be a "full and independent judicial, evidentiary, and factual review . . ." *Department of Motor Vehicles v. Andersen,* 84 Wn.2d 334, 340, 525 P.2d 739 (1974). Thus we consider this case in the context of a civil action originating in superior court and turn to case law addressing the question of counsel's entitlement to proceed to trial without the presence of his client, the party.

■ We have been unable to find any case law in this state dealing with this issue. Other states' courts have held that when plaintiff's counsel is present and prepared to proceed, it is reversible error for the court to dismiss because of the absence of the plaintiff. *Elmer Fox, Westheimer & Co. v. B–X Corp.,* 146 Ga. App. 385, 246 S.E.2d 413 (1978); *Hiltibrand v. Brown,* 124 Colo. 52, 234 P.2d 618 (1951). While we do not resolve this issue on a constitutional basis, the Ohio Court of Appeals held:

> [T]he court must be held to have been aware that despite the denial of his motion for a continuance plaintiff intended to present whatever evidence was available to maintain the issues on his part. Under the circumstances disclosed by the record, the denial of the opportunity so to do constituted an abuse of discretion resulting in a denial of due process of law to the plaintiff. A litigant has a constitutional guarantee of access to the courts and to deny him the opportunity to pursue his course to its end when he stands ready to do so deprives that litigant of that fundamental right.

*Brown v. Best,* 44 Ohio App. 2d 82, 84, 335 N.E.2d 734, 735 (1974). We have held that in a criminal case the trial may proceed in the absence of the defendant, when counsel for the defendant is present and that a defendant may waive his right to be present. *State v. LaBelle,* 18 Wn. App. 380, 568 P.2d 808 (1977).

The exiguous authority may be attributed to the fact, and we take judicial notice thereof, that civil cases often proceed to trial without the personal presence of one or all parties. Present day practicalities, considering the various corporeal and incorporeal entities that constitute parties or persons for the purposes of litigation, mitigate strongly against any rule requiring the physical presence of the plaintiff or defendant, petitioner or respondent at the trial of a civil case.

We hold that upon an appeal pursuant to RCW 46.20-.334, the petitioner's attorney is entitled to proceed to trial in the absence of the petitioner.

We therefore reverse and remand for trial.

CALLOW, C.J., concurs.

WILLIAMS, J. (concurring)—RCW 46.20.334, the statute authorizing appeal to the superior court following a formal hearing, specifies that the hearing on appeal shall be de novo, *i.e.,* heard anew. This is a civil proceeding calling for a sanction, loss of driving privilege, for refusing to take the Breathalyzer test. The burden of proof is upon the State. Springer's counsel was present to defend, there was no

requirement that Springer be present in person when the hearing was conducted. I therefore concur.