## 37289. LONG v. COCHRAN.

SMITH, Justice.

Appellee is the administratrix of the estate of Jessie Adams Harris. On January 2, 1979, the Probate Court of Fulton County granted appellee leave to sell certain real estate. Appellant brought this action, asserting "an equitable claim for title to the property." She prayed "that title to the property . . . be declared in the Plaintiff" and "that the Court issue an interlocutory [and permanent] injunction prohibiting Defendant from selling the property." Appellee filed a counterclaim containing the following prayer for relief: "(a) That the title to the property . . . be decreed in the heirs at law of the deceased; (b) That Defendant as Administratrix have and recover possession of the property; (c) That any restraining order issued be dissolved; (d) That the Defendant be allowed to proceed to sell said property at Public Sale in order to make a distribution to the heirs at law; (e) That the Plaintiff pay all court costs of this action and whatever probate costs that are incurred by the Defendant as a result of the Plaintiff's wrongful restraint of the sale of the property . . ."

On September 30, 1980, the trial court entered the following order: "The above-styled matter having come on regularly for a jury trial on September 30, 1980, the Defendant having been present, the plaintiff's attorney having been present and the plaintiff having failed to appear, the Defendant through her attorney having orally

made a motion to dismiss plaintiff's complaint and grant defendant's counterclaim . . . It is hereby Ordered and Adjudged that upon call of the case in open court and the plaintiff having failed to appear and the plaintiff being made to give sufficient cause for her failure to appear, defendant's motions are hereby granted dismissing plaintiff's complaint and allowing defendant's counterclaim . . ." We reverse.

A dismissal for want of prosecution based upon the non-appearance of the plaintiff is not warranted where plaintiff's counsel is present in his client's stead. See *Elmer Fox, Westheimer & Co. v. B-X Corp.,* 146 Ga. App. 385, 386 (246 SE2d 413) (1978); *Franks v. Reid,* 128 Ga. App. 454 (197 SE2d 154) (1973); *Johnston v. Dollar,* 89 Ga. App. 876, 881 (81 SE2d 502) (1954). As appellant's absence at the time her case was called is the sole basis of the trial court's ruling, the judgment must be reversed. Although no transcript of the lower court proceedings appears in the record, "a proper determination of the issues in this case does not require an examination of the transcript of evidence from the lower court (see, e.g., *Irby v. Christian,* 130 Ga. App. 375 (2) (203 SE2d 284) revd. on other grounds, 232 Ga. 384 (207 SE2d 23) . . ." *Burnett v. Pace,* 151 Ga. App. 111, 112 (258 SE2d 916) (1979); *Cook-Davis Furn. Co. v. Duskin,* 134 Ga. App. 264, 267 (214 SE2d 565) (1975). The trial court's order is erroneous as a matter of law. See *McAllister v. City of Jonesboro,* 242 Ga. 95 (249 SE2d 565) (1978).

*Judgment reversed. All the Justices concur, except Jordan, C. J., and Hill, P. J., who concur in the judgment only, and Marshall, J., who dissents.*

DECIDED APRIL 15, 1981.

*Pechin, McCoy & Sparks, Greg McCoy,* for appellant.
*William P. Walker, Jr.,* for appellee.