### 64447. GLENNCO, INC. v. SILVER SHOES, INC.

BIRDSONG, Judge.

Glennco, Inc., d/b/a Glen's House of Shoes, appeals from an order and judgment denying its motion to set aside a default judgment. We find no abuse of discretion and affirm.

The record discloses that three separate suits on open accounts had been filed against Glennco and placed on the non-jury calendar in the State Court of Fulton County for February 23, 1982. Notice was duly given in the Fulton County Daily Reports of February 8 and 12, 1982, showing the law firm of Powell, Goldstein, Frazer & Murphy as representing appellant. On January 29, 1982, Powell, Goldstein, Frazer & Murphy had withdrawn as counsel for Glennco, notifying Glennco's president that it would "be necessary for him to engage other counsel or file a pro se appearance card and notification postcard in order to avoid a default in these cases." However, no action was taken until February 22, when Glennco's president telephoned appellee's law firm, which was also attorney of record for the plaintiff in the other lawsuits. During this telephone conversation, Glennco's president informed a partner of appellee's law firm that he wanted to settle one of these suits, the Specialty Handbags case, but that he "bitterly disputed" the Silver Shoes case and wanted to try it. Appellee's counsel was instructed to pick up a check in settlement of the Specialty Handbags case that day, which he did.

By affidavit, an associate with the present counsel for appellant attested that on the same day, February 22, she called the law firm representing appellee and spoke with an associate of that firm, notifying them that her firm had been engaged as counsel for Glennco and that an appearance would be entered on its behalf the next day. She stated that in the course of that conversation no mention was made of the hearing set for February 23, 1982. The attorney from

appellee's law firm swore by affidavit, however, that the lawyer representing appellant asked for an extension of time in the Specialty Handbags case but did not mention the Silver Shoes suit. Therefore, when appellee's counsel appeared in court the next morning, answered ready in the instant case and there was no appearance on behalf of the appellant, he moved to strike the defensive pleadings and to enter a default judgment. Later that day when appellant's counsel filed an entry of appearance, it was discovered that the case had come on for trial that morning and a default judgment had been entered against the appellant in the amount of $11,917 principal and $834.19 interest.

On February 24, counsel for appellant filed a motion to set aside this judgment and a hearing was set. After hearing arguments of counsel, the affidavits and briefs filed by both parties, and considering all the facts and circumstances alleged by appellant in support of its motion to set aside, the court determined that appellant had shown no valid and meritorious reason why the judgment of February 23 should be set aside. Appellant's five enumerations of error raise only one issue: that the facts as recounted above did present a valid and meritorious reason to set aside the judgment and that the trial court abused its discretion in failing to do so. We do not agree.

Although appellant contends that it had no notice of the trial date through some default of appellee's attorneys, the Georgia cases are uniform that publication of the court calendar in the official county newspaper is sufficient notice to the parties of the trial date. *McNally v. Stonehenge,* 242 Ga. 258 (248 SE2d 653); *Spyropoulos v. John Linard Estate,* 243 Ga. 518 (255 SE2d 40). While the omission of the attorney's name from the published calendar constitutes a defect on the face of the record, if actual notice was given the absence of the attorney's name is harmless error. *Brown v. Citizens &c. Bank,* 245 Ga. 515 (265 SE2d 791).

"[T]he trial court must exercise its discretion in determining 'whether under all the circumstances of the case' a judgment should be set aside where obtained in the absence of the party or his counsel who contends he had no knowledge of the publication of the calendar or other notice of the calendar. See *Spyropoulos v. John Linard Estate. . .* supra." *Grindle v. Eubanks,* 152 Ga. App. 58, 60 (1) (262 SE2d 235). In the instant case the trial court considered all the facts and circumstances set forth by the parties and, concluding that there was no valid reason for setting aside the judgment, denied the motion. There was ample evidence to support a finding that Glennco's president had actual knowledge of the trial date as published in the court calendar, and that he must file a pro se appearance or hire new

attorneys to do so. The trial court properly exercised its discretion in refusing to set aside the judgment and appellant has failed to present any grounds for reversal. Accord, *East India Co. v. Marsh & McLennan,* 160 Ga. App. 529 (1) (287 SE2d 574); *Troy v. City of Atlanta,* 158 Ga. App. 496 (2) (280 SE2d 892); *Maolud v. Keller,* 157 Ga. App. 430 (3) (278 SE2d 80). See also *Cooper v. Mesh,* 247 Ga. 82 (274 SE2d 335).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1982 —
REHEARING DENIED OCTOBER 19, 1982 —

*Jeanette B. DeGabrielle, Stuart J. Roth,* for appellant.
*Marion B. Stokes III, William K. Carmichael, Wayne H. Lazarus,* for appellee.