OPINION
This appeal emanates from a decision of the Lake County Common Pleas Court granting the motion of appellee, Theodore Dalheim, receiver for Mentor Lagoons, Inc. and Mentor Marinas, Inc., to dismiss a case filed by appellant, Albert C. Nozik.
The following facts are relevant to this appeal. On March 17, 1993, due to a deadlock between the directors and shareholders of Mentor Lagoons, Inc. ("Mentor Lagoons"), a dissolution of the corporation was ordered by the Lake County Common Pleas Court. Theodore Dalheim, appellee herein, was appointed as receiver on the same date. The trial court's order of dissolution and receivership was affirmed by this court in Nozik v. MentorLagoons, Inc. (May 6, 1994), Lake App. No. 93-L-057, unreported. Since that decision, an ongoing dispute between the receiver and appellant, who was a fifty-percent shareholder of Mentor Lagoons, has developed resulting in numerous other appeals which are not germane to the instant case.
One of the disputes has centered on attorney, counseling and consulting fees that appellant claims are owed to him stemming from his forty (40) plus years of service to that corporation. On June 19, 1995, appellant filed the underlying case in the trial court. Appellant's complaint contained fifty-seven (57) counts and sought damages in excess of $2,718,423.50 for attorney, counseling and consulting fees. On March 6, 1996, the trial court issued an order in the case of Nozik v. Mentor Marinas, Inc., Lake C.P. No. 90 CV 000633, (the receivership case), requiring appellant to file an amended complaint in Nozik v. Mentor Marinas,Inc., Lake C.P. No. 94 CV 000407, alleging all of his claims against Mentor Lagoons and Mentor Marinas, a subsidiary of Mentor Lagoons, in Lake C. P. No. 90 CV 000407. In response, in July 1996, appellant filed a supplemental amended complaint in Lake C.P. No. 94 CV 000407 which included forty-six (46) causes of action, although appellant claims that only three of the causes of actions were duplicative of the fifty-seven brought in the casesub judice.
On August 2, 1996, appellee filed a motion to dismiss and for an award of attorney fees. Appellee alleged that most of the claims brought in the present case were duplicated in the amended complaint filed in Lake C.P. No. 94 CV 000407 and, therefore, there was no need for this case to proceed. Appellee also asserted that due to the trial court's order of March 6, 1996, in Lake C.P. No. 90 CV 000633 directing appellant to pursue all of his claims against the receiver in Lake C.P. No. 94 CV 000407, the continuation of the present action would violate a court order and, thus, would be contrary to law.
On November 5, 1996, the trial court granted appellee's motion to dismiss but overruled appellee's motion for attorney fees. The trial court stated:
 "[u]pon due consideration of the motion, and given the fact that [appellant] has been required to file all of his grievances against Mentor Lagoons, Inc. and Mentor Marinas, Inc. in Case No. 94 CV 000407, the motion is found to be well taken and the case is hereby dismissed."
Appellant timely filed a notice of appeal and has set forth the following assignments of error:
 "1. The trial court erroneously dismissed Appellant's action on the basis of an ex post facto order.
 "2. The trial court's actions evidences bias and prejudice against Appellant and the formation of a fixed anticipatory judgment on the part of the trial judge."
In the first assignment of error, appellant contends that the trial court erred by dismissing his complaint on the basis of an ex post facto order. Appellant argues that since the complaint in the instant case was filed prior to the trial court's order in Case No. 90 CV 000633 directing appellant to pursue all of his claims in Case NO. 94 CV 000407, the latter order was ex post facto and, therefore not enforceable.
The only law cited by appellant to support his position is composed of criminal law cases which held that a law applied retroactively can violate the Due Process Clause. It is clear that these cases are distinguishable from this civil action. Ex post facto laws are not applicable in this situation.
However, a trial court's decision can be overturned when it constitutes an abuse of discretion. In the context of dismissing a case, Ohio courts have held that "`[a]n abuse of discretion will be found where the trial court has not considered other less drastic alternatives.'" Ina v. George Fraam Sons, Inc. (1993),85 Ohio App.3d 229, 231, citing Schreiner v. Karson (1977),52 Ohio App.2d 219, 222-223. In Schreiner, the court stated:
 "A dismissal with prejudice * * * is an extremely harsh sanction. It affects not only the suit dismissed but, because it acts as a decision on the merits, also controls questions of fact in other related cases. The law favors deciding cases on their merits unless the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order. Dyotherm Corp. v. Turbo Machine Co., [(C.A.3, 1968), 392 F.2d. 146]; Flaksa v. Little River Marine Constr. Co. (C.A. 5, 1968), 389 F.2d 885, certiorari denied, 392 U.S. 928; cf. McDonald v. Haught (1967), 10 Ohio St.2d 43, 46; Brown v. Best (1974), 44 Ohio App.2d 82, 84. Lesser sanctions than a dismissal with prejudice should be applied when possible. Flaksa, supra; Dyotherm, supra." Id. at 222-223.
In the instant action, while the trial court clearly had the authority to control its own docket, and it was reasonable for the court to require appellant to bring all of his claims in one action, consolidation of the cases would have been a far less drastic vehicle that could have been utilized to achieve the same result.
Accordingly, Lake C.P. No. 95 CV 000817 must be reinstated and consolidated with Lake C.P. No. 94 CV 000407 as appellant is entitled to his day in court on the fifty-seven claims contained therein. Hence, appellant's first assignment of error is sustained.
In the second assignment of error, appellant asserts that the trial court's actions evidence bias and prejudice against appellant and the formation of a fixed anticipatory judgment on the part of the trial judge. Specifically, appellant contends that trial court Judge Robert B. Ford "is the named `Respondent' in a prior action before this court (Case No. 96-L-124), in which a motion for sanctions and damages against Appellant Nozik was filed in the name of Judge Robert B. Ford."
Pursuant to R.C. 2701.03, a matter of the disqualification of a judge based upon bias or prejudice must be taken to the Supreme Court of Ohio. Thus, this court is without jurisdiction to consider this matter. Appellant's second assignment of error is without merit.
Based upon the foregoing analysis, the judgment of the trial court is reversed and Lake C.P. No. 95 CV 000817 is ordered reinstated and consolidated with Lake C.P. No. 94 CV 000407.
WILLIAM M. O'NEILL, JUDGE.
CHRISTLEY, P.J., and NADER, J., concur.