A02A1849. DANIELS v. BURSON et al.
(571 SE2d 184)

BLACKBURN, Chief Judge.

Jacqueline E. Daniels appeals the decision of the trial court setting aside the order and judgment in her favor and granting a new trial to appellees Juan and Taunya Burson (the "Bursons"), arguing that the trial court erred in: (1) setting aside the judgment when actual notice of trial was received; (2) setting aside the judgment when the Bursons failed to exercise due diligence; and (3) granting a new trial when there was no evidence to justify the grant of a new trial. For the reasons set forth below, we reverse and remand the case to the trial court for further action consistent with this opinion.

On June 16, 1999, the Bursons filed suit against Daniels for breach of a real estate lease-purchase agreement. Daniels answered and counterclaimed for unpaid rent and attorney fees under the contract. A nonjury trial was scheduled for August 6, 2001, at 9:30 a.m. Notice of the trial date was sent to both parties by the State Court of DeKalb County and published in the legal organ of DeKalb County.

On the day of trial, Daniels and her attorney were present for calendar call; counsel for the Bursons was also present, but the Bursons were not. The Bursons' attorney told the court that he was waiting for his clients' arrival and then attempted to reach the Bursons by telephone. Daniels announced ready for trial.

At 12:20, when the court called the case for trial, the Bursons

---

still had not appeared. Counsel for the Bursons moved for a continuance; the trial court denied the motion. Daniels then moved to strike the complaint and dismiss the claim against her for failure to prosecute, but stated that she wanted to go forward with her counterclaim for nonpayment of rent. The trial court initially granted Daniels' motion, but when counsel for the Bursons argued that he was prepared to go forward with his clients' case, the trial judge denied Daniels' motion to dismiss and a bench trial was held. The trial court heard evidence and argument from both Daniels' attorney and the Bursons' attorney. On the following day, the trial court entered judgment in favor of Daniels, awarding her unpaid rent in the amount of $16,800, attorney fees of $2,520, and all court costs and interest thereon, and ordered that the Bursons take nothing.

The Bursons retained new counsel, the seventh attorney to represent them in this suit, and filed a motion for new trial, alleging that they lacked notice as to the time of trial and did not have an opportunity to be heard or give evidence. They also filed, within the same term of court in which judgment was rendered for Daniels, a motion to set aside the judgment on the same grounds. Both the motion to set aside the judgment and the motion for new trial were granted.

1. Daniels first argues that the trial court erred in setting aside the judgment because the Bursons received actual notice of the trial date, and there was no meritorious reason to grant the motions. We review the trial court's decision to set aside a judgment for abuse of discretion. *Spyropoulos v. John Linard Estate.*[1] Although it is the rule that the judge "retains a plenary control over his judgments and orders during the term at which they are rendered . . . , that rule was never intended to authorize the judge to set aside a judgment duly and regularly entered unless some meritorious reason is given therefor." (Punctuation omitted.) *Holcomb v. Trax, Inc.*[2]

In this case, the trial court granted the motion to set aside the judgment because the Bursons contended that they lacked notice as to the time of trial and thus did not have an opportunity to be heard or give evidence. A review of the record indicates that the Bursons had both actual and constructive notice of the date and time of the trial.

First, the Bursons' counsel received the trial court's July 2, 2001 notice of trial. Notice of trial to the Bursons' counsel of record constituted notice to them. *McNally v. Stonehenge, Inc.*[3]

Second, the trial court's July 5, 2001 publication of the trial cal-

[1] *Spyropoulos v. John Linard Estate*, 243 Ga. 518, 519 (255 SE2d 40) (1979).

[2] *Holcomb v. Trax, Inc.*, 138 Ga. App. 105, 107 (225 SE2d 468) (1976).

[3] *McNally v. Stonehenge, Inc.*, 242 Ga. 258 (248 SE2d 653) (1978).

endar in the county's legal organ also provided the Bursons with legal notice of the trial date. *Glennco, Inc. v. Silver Shoes*[4] ("publication of the court calendar in the official county newspaper is sufficient notice to the parties of the trial date").

Third, in her affidavit in support of the Bursons' motion for new trial, Taunya Burson stated: "On July 13, 2001, I received a letter from my attorney saying to call him about the case. This letter was accompanied by a copy of a court notice stating the case trial would be on the August 6, 2001 trial calendar." Given these facts, the Bursons had both actual and constructive notice of the time of trial.

Taunya Burson also stated in her affidavit that, "[o]n July 24, 2001, I was able to reach [my attorney] and he told me that opposing counsel had a conflict so the case would probably not be tried, and that he wanted to schedule mediation. I asked if that meant we do not go to court, and he replied that he would let me know." It thus appears that the Bursons' failure to appear in court was due, not to a lack of notice, which they clearly had, but to a misunderstanding between them and their attorney.

This Court has held that the "[f]ailure of a defendant to appear and plead, in consequence of misunderstanding between him and his counsel, does not afford a meritorious reason for granting a motion to set aside a judgment, even though made during the term when the judgment was yet in the breast of the court." *Drain Tile Machine v. McCannon.*[5] There was no appropriate reason to grant the motion for new trial under the facts of this case.

In *McCannon*, both the defendant and his counsel failed to appear for trial. In the present case, the Bursons' attorney did appear and stated his desire to try the case, and the case was, in fact, tried. Under these circumstances, the trial court properly denied the motion to dismiss the action and allowed the Bursons' counsel to proceed with the case since "[a] dismissal for want of prosecution based upon the non-appearance of the plaintiff is not warranted where plaintiff's counsel is present in his client's stead." *Long v. Cochran.*[6] In her affidavit, Taunya Burson did not indicate any additional evidence or defenses she would have presented, had she attended the trial, which would have changed the outcome of the trial. Instead, she simply asserted, "I have important relevant testimony and evidence to provide in this case."

In *Phillips v. Taber*,[7] a case involving a motion to set aside a judgment, filed during the same term of court as the judgment, our

[4] *Glennco, Inc. v. Silver Shoes*, 164 Ga. App. 30, 31 (295 SE2d 357) (1982).
[5] *Drain Tile Machine v. McCannon*, 80 Ga. App. 373, 376 (56 SE2d 165) (1949).
[6] *Long v. Cochran*, 247 Ga. 483, 484 (277 SE2d 25) (1981).
[7] *Phillips v. Taber*, 83 Ga. 565 (10 SE 270) (1889).

Supreme Court held that in order for a defendant to set aside a judgment on the ground of absence for providential cause, the defendant must not only show his inability to be present in court, but must also

> show to the court that he had a meritorious defence to the action, and show by his affidavit or the affidavits of others, such facts as would render it improbable or at least doubtful that the plaintiff would be entitled to recover. It is not enough for him to swear that he has a meritorious defence to the action, without going further and showing the facts upon which such defence is based, so that the court can determine for itself whether, if the verdict and judgment were set aside, the result might be different on the next trial; because it would be useless to set aside a verdict and go through another trial to have the same verdict rendered by the jury.

Id. at 572 (4). In short, "[i]n setting forth reasons why the judgment should be set aside, facts and not merely conclusions should be stated so that the court itself may determine the merits thereof." *Blanch v. King*.[8] Both *Phillips* and *Blanch* impose sensible requirements on a party seeking to set aside a judgment.

This case had been pending over two years at the time of trial. During that period, the Bursons were dilatory in prosecuting the case. They did not respond to Daniels' discovery requests until Daniels filed a motion for the imposition of sanctions. They did not respond for eight months after they were served with the discovery. The trial court conducted a bench trial, hearing from counsel for both parties, and, after consideration of the evidence and argument, entered a final judgment in favor of Daniels.

We note that even had the Bursons not received notice of trial, lack of notice alone is insufficient to justify the grant of a motion to set aside where the party's attorney has appeared and the case has been tried. The party moving to set aside must present facts "so that the court can determine for itself whether, if the verdict and judgment were set aside, the result might be different on the next trial." *Phillips*, supra. This is so because to do otherwise would be a waste of judicial resources, and this requirement does not meaningfully restrict the trial court's exercise of discretion. "[I]t would be useless to set aside a verdict and go through another trial to have the same verdict rendered by the jury." Id. Accordingly, the trial court abused its discretion in granting the motion to set aside the judgment. The decision of the trial court is reversed and the case is remanded with instruction to reinstate the original order and judgment of the court.

---

[8] *Blanch v. King*, 202 Ga. 779, 782 (44 SE2d 779) (1947).

2. Because of our ruling on Division 1, it is unnecessary to address Daniels' remaining enumerations of error.

*Judgment reversed and case remanded. Johnson, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 6, 2002.

*Karla Y. Vogel*, for appellant.

*Jon A. Green, Brian D. Clune*, for appellees.