## A05A1873. HAMMONDS v. SHERMAN.

(627 SE2d 110)

RUFFIN, Chief Judge.

The trial court dismissed Chantel Hammonds' personal injury action without prejudice because her attorney failed to appear at a peremptory calendar call. Hammonds appeals, asserting that the trial court erred in dismissing her case because her attorney did not receive proper notice of the calendar call.[1] Finding no error, we affirm.

Hammonds' personal injury action appeared on a peremptory civil calendar for February 25, 2005 issued by the Paulding County Superior Court. Hammonds contends that her attorney, Nicole Hamilton, did not receive a copy of the calendar from the clerk's office. Instead, the clerk of court mailed a copy to Hammonds' previous counsel, George Pennebaker. Hammonds admits that on January 20, 2005, Pennebaker notified the superior court clerk in writing that the calendar was sent to him in error, as he had withdrawn from the case. She further concedes that Pennebaker sent a copy of the letter to her new counsel.

Upon receiving Pennebaker's letter, Hamilton called the clerk's office on January 23, 2005, to inquire about the February 25, 2005 calendar call. The person to whom she spoke was unable to give her any information about the calendar call, but took Hamilton's name and number. Hamilton contends that she never received either a return telephone call from the clerk's office or a copy of the calendar. Hamilton was not present for the calendar call on February 25, 2005, and the trial court dismissed the case without prejudice.

A trial court may dismiss a civil action without prejudice for failure to appear at a peremptory calendar call.[2] We review such a dismissal for abuse of discretion.[3] There is a presumption that the clerk gave proper notice of the calendar call, and the burden is on Hammonds to show that she was not notified.[4]

In general, publication of a court calendar in the county's legal organ of record is sufficient notice to the parties in a pending action

---

[1] An action dismissed without prejudice may be renewed "either within the original applicable period of limitations or within six months after the ... dismissal, whichever is later." OCGA § 9-2-61 (a), (c); see OCGA § 9-11-41 (e). If the dismissal occurs after the expiration of the statute of limitation, however, only one renewal is permitted. Id. at (a). When the dismissal occurred here, the statute of limitation had expired on Hammonds' claims, and her action had already been renewed once. Thus, Hammonds was unable to renew her action, and this appeal ensued.

[2] See Uniform Superior Court Rules 20 (A); 14; OCGA § 9-11-41 (b).

[3] See *McKnight v. Wyrick*, 247 Ga. App. 584, 585-586 (544 SE2d 507) (2001).

[4] See *Murer v. Howard*, 165 Ga. App. 230, 231 (299 SE2d 151) (1983).

that they must appear.[5] Hammonds does not contend that the calendar for February 25, 2005, was not published, and there is nothing in the record to suggest that it was not. Accordingly, Hammonds has not met her burden of showing that she was not provided with proper notice of the calendar call.[6]

Moreover, Hammonds' counsel admits that she knew the calendar call was scheduled for February 25, 2005, but merely did not know the hour or location. We are at a loss as to why counsel failed to obtain this information from Hammonds' former attorney or from the clerk's office in the month after she learned of the calendar call.[7] And where a party has actual notice of a court date, any defect in the notice given by the court is harmless.[8] Because Hammonds' counsel had actual notice of the calendar call, the trial court did not abuse its discretion in dismissing Hammonds' case without prejudice.[9]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 6, 2006.

*L. Nicole Hamilton*, for appellant.
*Hall, Booth, Smith & Slover, James H. Fisher II*, for appellee.

---

[5] See *Daniels v. Burson*, 257 Ga. App. 318, 319-320 (1) (571 SE2d 184) (2002); *Davis v. Butler*, 240 Ga. App. 72, 77 (2) (522 SE2d 548) (1999); compare *TMS Ins. Agency v. Galloway*, 205 Ga. App. 896, 898 (424 SE2d 71) (1992) (notice of hearing on motion must be served on party).

[6] See *Automated Med. Svcs. v. Holland*, 166 Ga. App. 57, 58-59 (1) (303 SE2d 127) (1983).

[7] See *Hinson v. Castellio*, 168 Ga. App. 301, 301-302 (308 SE2d 705) (1983) (trial court did not abuse discretion in dismissing case where attorney was "confused" as to when case set for trial).

[8] See *Redding v. Raines*, 239 Ga. 865, 865-866 (2) (239 SE2d 32) (1977); *Potter v. Wal Computers*, 220 Ga. App. 437, 440 (3) (469 SE2d 691) (1996); *Glennco, Inc. v. Silver Shoes, Inc.*, 164 Ga. App. 30, 31-32 (295 SE2d 357) (1982).

[9] See *Floyd v. Logisticare, Inc.*, 255 Ga. App. 702, 703 (1) (566 SE2d 423) (2002); *Glennco*, supra.