## LEDBETTER *v.* GOODROE *et al.*

No. 10039. June 16, 1934.

*Sam E. & K. R. Murrell* and *H. E. Edwards,* for plaintiff in error.

*R. B. Lambert* and *Estes Doremus,* contra.

Hutcheson, J. E. F. Goodroe filed a petition against G. H. Ledbetter, and against Dumas, constable, to restrain execution of a dispossessory warrant, and to have established by the court a

lease between Goodroe and Ledbetter. Ledbetter filed a cross-action in which he prayed for a decree establishing the lease, and for an accounting and other relief. Goodroe dismissed his original petition and filed demurrers, general and special, to the cross-petition, which on demurrer was dismissed. Ledbetter excepted and brought the cause to this court, where the ruling of the trial court on certain grounds of special demurrer was sustained, but the ruling on general demurrer was reversed and the cause remanded to the trial court. After the remittitur from this court was made the judgment of the superior court, Ledbetter tendered an amendment setting out more specifically his claim for rents, thus meeting the defects pointed out by the special demurrer; and this amendment was allowed. Goodroe then made a motion to dismiss the cross-petition, and this motion was sustained. To this ruling Ledbetter excepted; and the cause is again before this court for consideration.

■ Goodroe filed a motion to dismiss the writ of error, on the grounds that this court had ruled on the special demurrers; that, after the remittitur had been filed and the judgment of this court made the judgment of the lower court, it was too late for an amendment to be filed; and that Ledbetter had admitted in judicio that he had parted with the title to the property, and therefore the question of specific performance of the lease was moot. The motion to dismiss is without merit.

■ "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." Code (1910), § 5681. A motion to amend is in time if made before any order or judgment of dismissal has been actually entered. *Lytle* v. *DeVaughn,* 81 *Ga.* 226 (7 S. E. 281); *Swilley* v. *Hooker,* 126 *Ga.* 353 (55 S. E. 31); *Freeman* v. *Brown,* 115 *Ga.* 23 (41 S. E. 385).

■ In the former decision by this court it was held that the cross-petition "was not subject to general demurrer on the ground that it failed to allege a cause of action in law or equity," and that it "sufficiently set forth a cause of action for specific performance," although it was held also that certain of the special grounds of demurrer were properly sustained. *Ledbetter* v. *Goodroe,* 177 *Ga.* 616 (170 S. E. 866). Under that decision the cause was re-

manded to the lower court; and upon the judgment of this court being made the judgment of the lower court, the cause was "pending" in the lower court, and the judgment did not act as a dismissal thereof. This being true, the defendant was entitled to offer such amendment as was deemed proper, and the court was correct in allowing the amendment to be filed.

While it is true that the destruction of a tenement by fire, or the loss thereof by a casualty not caused by the landlord, will not release the tenant from a rent contract already in existence (Code of 1910, § 3711; *Fleming* v. *King,* 100 *Ga.* 449 (3), 28 S. E. 239), still, where the landlord makes an admission in judicio that he has parted with full title to the property, thus rendering him unable to specifically perform the contract as to such property, equity will not decree specific performance as to the adverse party. § 4638. Upon the call of this case, both parties having announced ready, "the defendant, G. H. Ledbetter, by and through his attorney, Sam E. Murrell, admitted that, . . following the filing of the petition in said case, on August 24th, 1932, G. H. Ledbetter by warranty deed sold and transferred said property to his father, L. T. Ledbetter; that on March 9th, 1933, L. T. Ledbetter sold and transferred said property to his son, L. T. Ledbetter Jr.; and that L. T. Ledbetter Jr. is now owner of said property; . . and that L. T. Ledbetter Jr. was willing to carry out the terms of the oral lease sought to be specifically performed." A party seeking specific performance of a contract must show ability to comply with his part of the contract. Code (1910), § 4638. The plaintiff in error having admitted in judicio that he had sold the property in question, this court is of the opinion that the question of specific performance has thereby been eliminated from the case; but that the amendment offered and allowed by the trial court leaves other questions in the case yet to be disposed of. In view of our rulings as to the allowance of amendments, it was error for the court to sustain the motion to dismiss the cross-petition.

*Judgment reversed. All the Justices concur.*
ATKINSON, J., concurs in the result.