CONWAY *et al. v.* GOWER *et al.*

No. 17542. SUBMITTED JULY 10, 1951—DECIDED SEPTEMBER 12, 1951.

Carl T. Hudgins, for plaintiffs in error.

Robert T. Speer, contra.

HEAD, Justice. ■ "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." Code, § 110-702. A motion to set aside a judgment, like a motion in arrest, must be based on defects apparent on the face of the record which are not amendable. It differs from a motion in arrest of judgment only in that the latter must be made during the term in which the judgment was rendered, while a motion to set aside a judgment may be made at any time within the statute of limitations. Pulliam v. Dillard, 71 Ga. 598; Artope v. Barker, 74 Ga. 462; Love v. National Liberty Ins. Co., 157 Ga. 259, 262 (121 S. E. 648).

The plaintiffs allege that neither the court nor the defendants notified the plaintiffs that the case was set for trial at the March term. Such allegations do not constitute a defect apparent upon the face of the record. It is contended that the demurrers of the defendants to the petition had not been disposed of by the court, and that this was such a defect, apparent upon the face of the record, as would authorize the court to set aside the verdict and judgment for the defendants. The plaintiffs cite and rely upon the Code, § 81-1002, which provides that in all cases demurrers, pleas, and answers shall be disposed of in the order named.

In Smith v. Hornsby, 70 Ga. 552, it was held that a defendant may withdraw a demurrer to the plaintiff's petition at any time, and that a declaration by the trial judge that he would overrule the demurrer would not debar the right of withdrawal. It was further held that the right of withdrawal is included in the privilege of amending pleadings at any stage of the cause, in form or substance, as provided by law. See Code, § 81-1301; Jenkins v.

*Lane*, 154 *Ga.* 454 (115 S. E. 126); *Ledbetter* v. *Goodroe*, 179 *Ga.* 69 (175 S. E. 250).

The failure of the defendants to withdraw or dismiss their demurrers before proceeding to trial upon the merits of the cause was a defect which could have been cured by an amendment withdrawing the demurrers, and was a defect aided by verdict. This being so, the judgment can not be arrested or set aside for failure to formally withdraw or waive the demurrers before verdict and judgment. *Moss & Co.* v. *Stokeley*, 95 *Ga.* 675, 678 (2) (22 S. E. 692). See also: *Bond* v. *Central Bank of Ga.*, 2 *Ga.* 92, 100; *Stanford & Golden* v. *Bradford*, 45 *Ga.* 97; *Dortic* v. *Lockwood*, 61 *Ga.* 293; *Davis* v. *Bray*, 119 *Ga.* 220 (46 S. E. 90); *Burch* v. *Dodge Co.*, 193 *Ga.* 890 (20 S. E. 2d, 428); *Stowers* v. *Harris*, 194 *Ga.* 636 (22 S. E. 2d, 405).

■ A different result would not be authorized had the motion to set aside been directed at a judgment not aided by verdict. "The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner." Code, §§ 37-219, 110-710. In the present case the plaintiffs in their motion to vacate and set aside the verdict and decree against them do not charge any fraud on the part of the defendants, nor do they show accident, mistake, or any act of the defendants unmixed with negligence of the plaintiffs. It is clearly shown by the evidence that any reasonable degree of diligence would have revealed that the cause was set for trial, and the failure of the plaintiffs and their counsel to ascertain this fact is not a meritorious reason to vacate and set aside the verdict and decree.

"While a motion to set aside a judgment is addressed to the sound discretion of the judge, it should not, although made during the term at which the judgment was rendered, be granted unless some meritorious reason be given therefor." *Moore* v. *Kelly & Jones Co.*, 109 *Ga.* 798 (2) (35 S. E. 168); *Kellam* v. *Todd*, 114 *Ga.* 981 (41 S. E. 39); *Ingalls* v. *Lamar*, 115 *Ga.* 296 (41 S. E. 573); *Deering Harvester Co.* v. *Thompson*, 116 *Ga.* 418 (42 S. E. 772); *Martin* v. *Shields*, 144 *Ga.* 179 (86 S. E. 538); *Cahoon* v. *Wills*, 179 *Ga.* 195, 196 (175 S. E. 563); *Hurt Building* v. *Atlanta Trust Co.*, 181 *Ga.* 274, 283 (182 S. E. 187); *Cofer* v. *Maxwell*, 201 *Ga.* 846, 848 (41 S. E. 2d, 420).

The plaintiffs did not show any meritorious reason why the judgment against them should be vacated and set aside, and the court erred in granting the motion.

*Judgment reversed. All the Justices concur.*