**25922. HICKS v. HICKS.**

HAWES, Justice. The judgment appealed from in this case is one setting aside a final judgment and decree granting permanent alimony. Mrs. Hicks filed her complaint in the Superior Court of Muscogee County on the 5th day of January, 1970, against Gerald L. Hicks seeking custody of the minor child of the parties, child support and temporary and permanent alimony. Pursuant to a rule nisi issued thereon, the question of temporary alimony and child support came

on for a hearing on January 20, 1970, and both parties being present and represented by counsel, an order awarding temporary alimony was passed on that date. Thereafter, on the 16th day of April, 1970, no defensive pleadings having been filed, a final judgment and decree awarding permanent alimony and child support and fixing the custody of the minor child of the parties was entered. On April 22, 1970, defendant made a motion to set aside the final judgment and decree, the grounds of which were that there was pending in the Court of Domestic Relations of Smith County, Texas, a complaint for divorce filed by the defendant against the plaintiff. On May 5, 1970, that motion came on for a hearing before a judge of the Superior Court of Muscogee County and a judgment setting aside the final judgment and decree was granted and entered on that date.

Under § 60 (d) of the Civil Practice Act (*Code Ann.* § 81A-160 (d)) a motion to set aside must be predicated upon some nonamendable defect appearing upon the face of the record or pleadings. The basis of the defendant's motion in this case obviously does not bring it within this provision of the law. Assuming that the case law formulated under former *Code* §§ 110-701, 110-703 to the effect that the judge of the superior court retains a plenary control over his judgments and orders during the term at which they are rendered, and in the exercise of a sound discretion may revise, revoke or modify them, even on his own motion and without notice to either party (*Waldor v. Waldor*, 217 Ga. 496 (2) (123 SE2d 660), is still the law, that rule was never intended to authorize the judge to set aside a judgment duly and regularly entered unless some meritorious reason is given therefor. *Conway v. Gower*, 208 Ga. 348, 351 (66 SE2d 740).

In this case, the record shows without dispute that the defendant's suit for divorce had been filed in the Domestic Relations Court of Smith County, Texas, on December 4, 1969, more than a month before plaintiff filed her complaint seeking temporary and permanent alimony in Muscogee County; that the defendant was personally served and appeared on January 20, 1970, with his attorney at the hearing for temporary alimony; that he thereafter neglected to file any defensive pleadings raising the issue of the pendency of the Texas divorce proceeding but permitted a judgment to be taken against him for permanent alimony in what, so

far as appears from the record, was an uncontested action, and only after the judgment had been entered did he seek to inject the pendency of the Texas divorce action by filing his motion to set aside the final judgment and decree. In *Ward v. Ward*, 223 Ga. 868, 872 (159 SE2d 81), this court had occasion to consider for the first time whether the provisions of *Code* § 30-213 would operate to deny the maintenance of an alimony action where a divorce action was pending in another State at the time the proceeding for alimony was filed in this State, and we came to the conclusion after a careful review of the authorities that it does not. This case is controlled by that case, which was a full-bench decision, and we have no hesitancy in holding that the pendency of the divorce case in Texas afforded no grounds for setting aside the judgment awarding permanent alimony in this State. No other basis for the judgment appearing, it follows that the trial judge abused his discretion in vacating and setting aside the judgment in this case.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 13, 1970—DECIDED OCTOBER 8, 1970—
REHEARING DENIED OCTOBER 22, 1970.

*Fort, Keil & Riley, James H. Fort,* for appellant.
*Allen & Dingus, Robert W. Allen, William J. Dingus, Jr.,* for appellee.