## 51306. HOLCOMB v. TRAX, INC.

QUILLIAN, Judge.

The plaintiff Trax, Inc. having filed a complaint against the defendant Richard Holcomb, the case came on for trial on May 22, 1975. The case was called and defendant's counsel announced "ready for trial," but neither the plaintiff nor its counsel appeared at this time. On request of the trial judge, the defendant moved for an order pursuant to CPA § 41 (b) (Code Ann. § 81A-141 (b); Ga. L. 1966, pp. 609, 653), dismissing the plaintiff's action for failure to prosecute. Both the complaint and a counterclaim filed for the defendant were dismissed for want of prosecution. The complaint was stamped as dismissed for want of prosecution "without prejudice." This order was dated and signed by the trial judge but was not filed with the clerk. On that same day an order was filed with the clerk which was signed by the trial judge and recited that the complaint was dismissed "with prejudice" by reason of the plaintiff failing to appear upon the call of the case.

Subsequently on May 29, 1975, the plaintiff filed what was styled a motion to set aside. This was predicated on the fact that the order of the court of May 22, 1975 was "improperly entered on an oral motion, said motion being a nonamendable defect." The motion urged that the motion seeking dismissal must have been in writing and that the failure to make the motion in writing resulted in the judgment being erroneously entered. A hearing was held on the plaintiff's motion on June 27, 1975. The trial judge concluded "the court has some discretion in this situation, and that in all fairness the case should be reinstated and both sides afforded an opportunity of a trial upon the merits." On this basis both dismissal orders of May 22, 1975 were vacated and set aside. This order was entered on June 30, 1975. The defendant obtained a certificate of immediate review (since this was prior to the effective date of the new amendment to the Appellate Practice Act of July 1, 1975; Code Ann. § 6-701 (2) (Ga. L. 1975, pp. 757, 758)) and appeal was brought to this court. *Held:*

The order of the trial judge setting aside the

dismissal of the main case recites that "some minutes after the dismissal in open court" plaintiff's counsel appeared and was advised what had transpired; that he was informed that the case would be reinstated if counsel for the defendant would agree, but if there was an objection a motion would have to be made. It was further brought out that counsel for the defendant refused to agree to a reinstatement. An affidavit filed by counsel for the plaintiff recited substantially the same facts, bringing out that counsel for the plaintiff arrived at the courtroom at approximately 10:05 (the call began at 10 o'clock). The affidavit also recited that an employee, agent and chief witness for the plaintiff had remained immediately outside the courtroom the entire time and that his presence was known by the defendant, if not by counsel for the defendant.

"The rule as to the power of the trial court to change its judgment during the term in which it is rendered is an inherent power unchanged by the CPA. *Holloman v. Holloman,* 228 Ga. 246 (184 SE2d 653); *City of Cornelia v. Gunter,* 227 Ga. 464 (181 SE2d 489); *Martin v. General Motors Corp.,* 226 Ga. 860 (178 SE2d 183). While this authority does not exist after the term of rendition, if the proceedings are begun during the term, they may be continued over and the judgment set aside or modified after the expiration thereof. *Maxwell v. Cofer,* 201 Ga. 222 (b) (39 SE2d 314). It can be granted by the court ex mero motu, with or without notice to either party. *Tyler v. Eubanks,* 207 Ga. 46 (60 SE2d 130)." *Ammons v. Bolick,* 233 Ga. 324, 325 (210 SE2d 796).

The plaintiff contends that under the applicable law (Ga. L. 1950, p. 2742), the May term of the Civil Court of Fulton County began on May 5, 1975 (Monday) and continued until May 31, 1975 (Saturday). The defendant argues that since the law in question would permit an earlier conclusion of the term, the plaintiff failed to establish that the term had not ended. *Maxwell v. Cofer,* 201 Ga. 222, 227 (39 SE2d 314), involved a situation where all proceedings had occurred during the February term of the trial court except that the hearing on the motion to vacate was set on the first day of the succeeding (May) term. The Supreme Court held: "Whether the

February term was still in session, or whether the rulings of the court had been made in vacation or at chambers, the court, at least, had power over its judgments throughout the period of time in which the February term could have remained in session." *Maxwell v. Cofer,* 201 Ga. 222, 227, supra. See *Deen v. Baxley State Bank,* 192 Ga. 300 (15 SE2d 194). We therefore find that the proceedings to set aside the judgment were begun within the same term.

Even though we find the ruling of the trial court to be treated as one within the term, this would not fully answer the issue presented. In *Hicks v. Hicks,* 226 Ga. 798, 799 (177 SE2d 690), our Supreme Court held "the judge... retains a plenary control over his judgments and orders during the term at which they are rendered. . .is still the law, [but] that rule was never intended to authorize the judge to set aside a judgment duly and regularly entered unless some meritorious reason is given therefor. *Conway v. Gower,* 208 Ga. 348, 351 (66 SE2d 740)." However, examination of *Conway* and cases cited therein, reveals that the court's decisions were not based upon any "meritorious reason" contained in the order but whether any "meritorious reason" was shown in the record. *Kellem v. Todd,* 114 Ga. 981 (1) (41 SE 39). "The rule appears to have been generally adopted in almost all jurisdictions, that the power of control even during the term should be *exercised only upon sufficient cause shown* and where the matter appeals to an exercise of sound legal discretion." *Hurt Bldg., Inc. v. Atlanta Trust Co.,* 181 Ga. 274, 283 (182 SE 187). (Emphasis supplied.)

Accordingly, where the original motion was within the discretion of the judge to grant or deny, and the judge retained plenary control over his judgments and orders during the term limited only by "meritorious cause" shown, we find that this latter right to determine "meritorious cause" is also addressed to the sound discretion of the judge, and we will not reverse his decision unless such discretion is manifestly abused. *Lawson v. Haygood,* 202 Ga. 501 (43 SE2d 649).

A review of this record fails to disclose such abuse of discretion. We therefore find the trial judge's ruling was authorized.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED OCTOBER 9, 1975 — DECIDED FEBRUARY 20, 1976 — REHEARING DENIED MARCH 12, 1976.

*Stokes, Boyd & Shapiro, Lloyd A. Fox, Larry S. McReynolds,* for appellant.
*Doss & Sturgeon, Gregory W. Sturgeon,* for appellee.