## 61746. TROY v. CITY OF ATLANTA.

BANKE, Judge.

The plaintiff sued the City of Atlanta to recover damages for nuisance and continuing trespass and was awarded a default judgment as sanction for the city's failure to respond to interrogatories. The city sought and obtained an order setting aside that judgment, and we granted the plaintiff's application for

interlocutory appeal.

The plaintiff filed the interrogatories on November 11, 1979, and subsequently granted a request by the city for a 1-week extension of time in which to respond. Having received no response, the plaintiff moved for imposition of sanctions on January 18, 1980. The city did not respond to this motion, nor did it appear at the hearing thereon scheduled for April 14, 1980. The trial court accordingly struck the defensive pleadings and entered the default judgment.

On April 24, 1980, within the same term of court, the city filed a "motion for relief from sanctions," accompanied by answers to the interrogatories. In support of this motion, it was established that the assistant city attorney formerly assigned to handle the case had left the city attorney's office in February and that on April 14, the date of the hearing on the motion for imposition of sanctions, the case was reassigned to another assistant, who was confined to bed at the time with three broken ribs. On the basis of this information, the court set aside the judgment stating: "See, I know that they have an assignment program (sic) over there at the City Attorney's Office. I know that they have had a lot of turmoil, I guess, because there has been a change, a broad change, I guess you might say a complete upheaval of the office." *Held:*

1. A total failure to serve answers or objections to interrogatories subjects a party to immediate sanctions under Code Ann. § 81A-137 (d). *Mayer v. Interstate Fire Ins. Co.,* 243 Ga. 436, 439 (254 SE2d 825) (1979). The order striking the city's pleadings and granting the default judgment was accordingly authorized.

2. It is within the trial court's discretion to set aside a properly entered judgment during the term of the court in which it was entered, but only if a "meritorious reason" is given for doing so. See *Hicks v. Hicks,* 226 Ga. 798, 799 (177 SE2d 690) (1970); *Holcomb v. Trax, Inc.,* 138 Ga. App. 105 (225 SE2d 468) (1976). The fact that the city attorney's office may have been beset by confusion and administrative problems strikes this court as a singularly unmeritorious reason for excusing the city from its obligation to respond to discovery, for to the extent that these problems existed, the city and its attorney necessarily created them and had the power to remedy them. In any event, the alleged "assignment problem" does not explain the city's failure to respond to discovery in this case, since the city's own evidence showed that the attorney previously assigned to the case did not resign until several weeks after the responses to the interrogatories were due. Furthermore, the city's attempt to excuse its failure to appear at the hearing on the motion for imposition of sanctions by showing that the case was reassigned on that date to an attorney who was physically unable to attend, lends an aura of bad

faith to its conduct in this entire matter. For these reasons, we hold that the trial court erred in setting aside the default judgment in favor of the plaintiff.

Although it has not influenced our decision, we note that the city's pattern of unresponsiveness has continued into this appeal, where it failed to make a timely appearance of any kind.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 6, 1981.

*Nancy H. Murphy,* for appellant.
*Ralph H. Witt,* for appellee.