A89A1600. BRAKE et al. v. MINTZ et al.
(388 SE2d 715)

SOGNIER, Judge.

Tina L. Brake and Melvin D. Brake brought a medical malpractice suit against Stephen M. Mintz, M.D., and others, who in turn filed counterclaims against the Brakes. The trial court granted the defendants' motion to dismiss, the Brakes obtained a certificate of immediate review, and we granted their application for interlocutory review.

Appellants sued appellees alleging their negligence in failing to remove a gauze pad from appellant Tina Brake's body after the birth of her child. Pursuant to OCGA § 9-11-9.1 (b), appellants alleged in their complaint that an affidavit of an expert could not be prepared

due to the running of the statute of limitation and exercised their right under that statute to have 45 days to supplement the pleadings with the expert's affidavit required under OCGA § 9-11-9.1 (a). On November 9, 1988 (42 days after filing their complaint), appellants moved for a sixteen-day extension, giving as their reason the fact that they had been "without the necessary funds to secure the necessary evaluation and affidavit but now [have] the financial resources to secure said evaluation and [they expect] on or before November 28, 1988 receipt of the affidavit."

A rule nisi was issued on November 22, 1988 for a hearing on appellants' motion, which was set for December 22, 1988. The next day, November 23, 1988, appellants filed another motion which they denominated an "amended motion for additional fourteen days in which to file physician's affidavit." The reason set forth in the motion for the requested extension was that the medical expert had notified appellants that because the expert would be out of town for the Thanksgiving holiday, the affidavit as originally promised by the deadline would not be provided until after that holiday. An expert's affidavit was filed by appellants on December 9, 1988.

After appellants filed their two motions for extensions of time, appellees brought a motion to dismiss appellants' complaint made on the bases that no expert's affidavit was attached to appellants' complaint; the complaint was not supplemented with the affidavit 45 days thereafter; and no order to extend the time within which appellants might file the affidavit was entered prior to the expiration of the 45 days. Appellants take exception to the trial court's rulings on the various motions, contending the trial court improperly denied their motions for extensions of time to file an expert's affidavit and that therefore the trial court's grant of appellees' motion to dismiss for failure to file the required affidavit was error.

The trial court denied appellants' motions for extension on two bases: appellants' failure to expedite the hearing on their motions pursuant to Uniform Superior Court Rule 6.7 and appellants' failure to show "good cause" under OCGA § 9-11-9.1 (b). While we agree that it is the responsibility of the party seeking a motion, not the trial court, to obtain expeditiously a ruling on the motion, we need not determine here what import the trial judge's signature on the rule nisi had on appellants' responsibility to expedite their motion because we affirm the trial court's order on the alternate basis presented in that order.

OCGA § 9-11-9.1 (b), after authorizing an additional 45 days for a plaintiff unable to file the required expert's affidavit due to statute of limitation time constraints, provides that "[t]he trial court may, on motion, after hearing and for good cause extend such time as it shall determine justice requires." The trial court held that appellants failed

to demonstrate the "good cause" required under OCGA § 9-11-9.1 (b) for an extension of time, specifically finding that appellants, in their motions asserting inadequate funds and their expert's departure for the Thanksgiving holiday, did not provide a detailed showing of the efforts they had made to obtain the expert's affidavit and the unavoidable reasons for the delay.

"Good cause" as a standard has been applied or defined in numerous situations: from discovery matters such as under OCGA § 9-11-35 (a) (standard to support an order by the trial court for the physical or mental examination of a party), see *Crider v. Sneider*, 243 Ga. 642, 644-646 (1) (256 SE2d 335) (1979), to confirmation of sales under OCGA § 44-14-161 (as required to order resale of property), see *Five Dee Ranch Corp. v. Fed. Land Bank*, 148 Ga. App. 734, 735-736 (252 SE2d 662) (1979). However, we have not found these specific applications of "good cause" helpful in determining its application under OCGA § 9-11-9.1 (b).

Appellants argue that OCGA § 9-11-9.1 (b) must be construed together with OCGA § 9-11-6 (b), and that OCGA § 9-11-6 (b) establishes the standard the trial court erroneously failed to apply. We note that reference to "good cause" has been made in relation to a trial court's grant of an extension of time pursuant to OCGA § 9-11-6 (b). See *Phillips v. Old Republic Life Ins. Co.*, 155 Ga. App. 537, 538 (1) (271 SE2d 676) (1980). Section 6 (b) of the Civil Practice Act provides that "the court *for cause shown* may at any time in its discretion (1) with or without motion or notice, order the period [of time within which an act is required to be done] extended if request therefor is made *before* the expiration of the period originally prescribed . . . or (2) upon motion made *after* the expiration of the specified period, permit the act to be done where the failure to act was the result of *excusable neglect* . . . ." (Emphasis supplied.) Appellants argue that their first motion, made prior to the expiration of the 45 days allowed by OCGA § 9-11-9.1 (b), should have been granted under the standard of "for cause shown" under OCGA § 9-11-6 (b), and that their second motion, although filed outside of the 45-day time period, should likewise be reviewed under the "for cause shown" standard because it was an amendment to their earlier motion and thus "related back" to that motion under OCGA § 9-11-15 (c).

We do not agree with appellants that OCGA § 9-11-6 (b) is applicable here. OCGA § 9-11-9.1 is a subsequently enacted statute which by its terms does not distinguish between motions made within or made without the 45-day extension period. It merely provides that "on motion, after hearing and for good cause" the filing period may be extended for whatever length of time the trial court determines justice requires. We read "for good cause" in § 9.1 (b) to establish a higher standard than that in § 6 (b) of "for cause shown" because the

cause shown must be "good" for § 9.1 (b). We do not find that these two provisions conflict (although, if conflict exists, § 9.1 (b) as the latter, and therefore true, expression of the legislature would prevail, see *Stansell v. Fowler*, 113 Ga. App. 377, 380 (147 SE2d 793) (1966)), but rather read OCGA § 9-11-9.1 (b) as carving out one limited exception to the application of OCGA § 9-11-6 (b).

For the same reason that we find the "for cause shown" standard in OCGA § 9-11-6 (b) inapplicable to OCGA § 9-11-9.1 (b), we reject the argument that the trial court should apply in essence an "excusable neglect" standard under OCGA § 9-11-6 (b) to a motion to extend the time for filing an expert's affidavit under OCGA § 9-11-9.1 (b). While we find persuasive the argument that "good cause" is the converse of "excusable neglect," a standard both in OCGA § 9-11-6 (b) (for motions made outside the applicable time period, see *Phillips*, supra) and in OCGA § 9-11-55 (b) (for certain motions to open default), we construe "good cause" in § 9.1 (b) to be closer in effect to "proper case," a standard under § 55 (b), or "meritorious cause," the standard for a trial court in setting aside a judgment within the term of court. See *Holcomb v. Trax, Inc.*, 138 Ga. App. 105 (225 SE2d 468) (1976). The reason for this construction is that "excusable neglect" has been held to vest less discretion in the trial court than a standard such as "proper case" under OCGA § 9-11-55 (b). See *Houston v. Lowes of Savannah*, 136 Ga. App. 781, 782 (1) (222 SE2d 209) (1975); *Lanier v. Foster*, 133 Ga. App. 149, 153 (3) (210 SE2d 326) (1974). Since statutes are presumed to be enacted with the Legislature's full knowledge of existing law, including decisions of the courts, *Leonard v. Benjamin*, 253 Ga. 718, 719 (324 SE2d 185) (1985), we must conclude that the Legislature intended to vest more discretion in the trial court by setting forth the standard of "good cause" in OCGA § 9-11-9.1 because it did not utilize phrases such as "excusable neglect" or "providential cause," see OCGA § 9-11-55 (b), which establishes a more restrictive standard.

While broad discretion is vested in the trial court when determining whether "good cause" exists, the issue here is whether discretion also rests with the trial court to determine what constitutes "good cause." We find support for our holding that this matter is also within the trial court's discretion in cases such as *Holcomb*, supra at 107, and *P. H. L. Dev. Corp. v. Smith*, 174 Ga. App. 328-329 (1) (329 SE2d 545) (1985), in which we found that the "right to determine 'meritorious cause' is also addressed to the sound discretion of the judge, and we will not reverse his decision unless such discretion is manifestly abused. [Cit.]" *Holcomb*, supra at 107.

Applying that standard of review to the case sub judice, we find no manifest abuse of the trial court's discretion in determining that appellants failed to demonstrate "good cause" for the grant of their

motions to extend the time for filing their expert's affidavit. The trial court noted the absence of a detailed showing of appellants' efforts to obtain the affidavit and the absence of a showing of unavoidable reasons why the affidavit was not obtained. Even assuming the trial court's conclusion was not based in part on matters presented during the motion on the hearing (no transcript of that hearing having been submitted to this court), our review of the record alone supports the trial court's reference to the sparsity of appellants' evidence demonstrating the meritorious reason why appellants were unable to obtain timely an expert's affidavit and to the absence of any explanation detailing why appellants could not have avoided the delay occasioned by their expert's holiday plans.

Regardless of the presence or absence of "good cause," appellants argue that the trial court's order should be reversed because appellees suffered no harm as a result of their late filing. First, we do not agree with appellants that the fact appellees may not have been hurt by appellants' inaction can alone authorize excusing appellants' otherwise unjustifiable failure to act. Second, our review of the trial court's order convinces us that the trial court did not act without consideration of the merits of the suit when it ruled on the parties' motions, but found the merits insufficient to offset appellants' disregard of OCGA § 9-11-9.1. Finally, we note that the very language of OCGA § 9-11-9.1 demonstrates how a defendant can be harmed by a plaintiff's failure to follow the procedure set forth in OCGA § 9-11-9.1 (b) in that under OCGA § 9-11-9.1 (c), the defendant need not answer the complaint until 30 days *after* the filing of the affidavit. Where the plaintiff fails to file the affidavit within the 45-day period or fails to obtain a ruling on a motion to extend that period, the defendant is left in a state of uncertainty regarding when to file an answer or even whether filing an answer will be necessary. We do not agree with appellants that it is proper or fair to leave a defendant dangling for an indeterminable period after a plaintiff files a complaint alleging professional malpractice before the defendant can adequately answer the negligent act or omission claimed to exist.

Appellants also argue that because they have alleged a colorable claim against appellees, as opposed to a frivolous claim, as a matter of "substantial justice" under OCGA § 9-11-8 (f) we should disregard appellants' failure to comply with OCGA § 9-11-9.1 (b) and reverse the trial court's ruling in order to allow the merits of their suit to be reached. However, we have noted that when the Legislature enacted OCGA § 9-11-9.1, it established "an 'exception to the general liberality of pleading permitted under (the Civil Practice Act, OCGA § 9-11-1 et seq.),' [cit.], by requiring when a malpractice suit is instituted that along with the complaint an affidavit be filed by a competent expert witness setting forth a single negligent act allegedly committed

by the defendant." *0-1 Drs. Mem. Holding Co. v. Moore*, 190 Ga. App. 286, 288 (1) (378 SE2d 708) (1989). The Legislature, in its wisdom, enacted procedural standards stricter for plaintiffs in professional malpractice suits than for plaintiffs in other suits. Appellants failed to comply with those procedural steps and the trial court, exercising the discretion granted it by the Legislature, determined that appellants failed to show the "good cause" necessary to authorize extending the strict statutory time limitations. Since this court will not interfere with the discretion of the trial court in finding the absence of "good cause" and denying a motion to extend the time for filing an expert's affidavit absent manifest abuse, and we find no such abuse here, accordingly the trial court did not err by denying appellants' motions and granting appellees' motion to dismiss.

We note that because appellants did not have an expert's affidavit at the time they filed their complaint, nor did they supplement their pleadings with such an affidavit within 45 days thereafter under OCGA § 9-11-9.1 (b), and the trial court did not abuse its discretion by denying appellants' motions to extend the filing date until December 12, 1988, it follows that although appellants' expert's affidavit was filed December 9, 1988, there was no "amendable defect" here and *St. Joseph's Hosp. v. Nease*, 259 Ga. 153 (377 SE2d 847) (1989) is thus inapplicable.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 8, 1989 —
REHEARING DENIED NOVEMBER 27, 1989 — 

*Dennis B. Dixon, Jr.*, for appellants.
*Long, Weinberg, Ansley & Wheeler, Marvin A. Devlin, Ronald R. Coleman, Jr., Joseph W. Watkins*, for appellees.