# FIFTH DIVISION
# RICKMAN, C. J.,
# MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 2, 2021**

# In the Court of Appeals of Georgia

A21A0225. UTILICOM SUPPLY ASSOCIATES, LLC. v. TERRA TECH, INC.

RICKMAN, Chief Judge.

In this interlocutory appeal, Utilicom Supply Associates, LLC appeals from the trial court's order setting aside a default judgment in Utilicom's action against Terra Tech, Inc. The trial court offered two grounds for its decision: it concluded that service of process upon Terra Tech was insufficient under OCGA § 9-11-4 (e) (1) and, alternatively, it exercised its discretion to set aside the judgment within the same term of court that it had been entered. Because the trial court had the inherent authority in its discretion to set aside the default judgment, we affirm.

Under Georgia law, a trial court's power to set aside its own judgments during the same term of court is extensive:

> A court has plenary control of its judgments, orders, and decrees during the term at which they are rendered, and may amend, correct, modify, or supplement them, for cause appearing, or may, to promote justice, revise, supersede, revoke, or vacate them, as may, in its discretion seem necessary.

(Citation and punctuation omitted.) *Lemcon USA Corporation v. Icon Technology Consulting, Inc.*, 301 Ga. 888, 891 (804 SE2d 347) (2017); see *Pope v. Pope*, 277 Ga. 333, 334 (588 SE2d 736) (2003) ("During the term in which a judgment is entered, a trial court has plenary control over it and has the discretion to set aside the judgment . . . for the purpose of promoting justice.") (citations and punctuation omitted); see also OCGA § 15-1-3 (6). While the discretion to set aside a judgment is not without limits and should be exercised "for some meritorious reason," it is within the trial court's discretion to determine what amounts to "a meritorious reason" for that purpose. *Pope*, 327 Ga. App. at 334; see also *Holcomb v. Trax, Inc.*, 138 Ga. App. 105, 107 (225 SE2d 468) (1976) (noting further that the question is not whether the order contains a "meritorious reason," but whether any "meritorious reason" is shown in the record). This Court may reverse that discretion only if it is manifestly abused. See *Pope*, 327 Ga. App. at 334; *Holcomb*, 138 Ga. App. at 107.

The record shows that Utilicom is a Georgia company in the business of selling communication and utility related products. In March 2018, Terra Tech submitted a credit application form to establish an account with Utilicom. The form was completed by Terra Tech's owner and included an email address, phone number, and specific address in Concord, North Carolina. Throughout the duration of the parties' relationship, Utilicom shipped materials to and billed Terra Tech using the Concord, North Carolina address.

On June 11, 2019, Utilicom filed a complaint against Terra Tech asserting an action on open account and claims for breach of contract, unjust enrichment, attorney fees and costs, and expenses of litigation. The complaint involved the same materials and invoices that had been sent to Terra Tech at the Concord, North Carolina address.

At the time the complaint was filed, Terra Tech's most recent annual filing with the Secretary of State of Georgia listed a specific address in Cumming, Georgia as the location of both its registered agent and its principal office. But neither Terra Tech's registered agent nor its principal office was located at that address in 2019.

On August 23, 2019, Utilicom filed a proof of service of process with the trial court, asserting that it had effected substitute service of process on Terra Tech via Georgia's Secretary of State pursuant to OCGA § 9-11-4 (e) (1). The proof of service

3

included an affidavit from Utilicom's counsel, who averred, among other things, that he had been unable to locate and effect service on a registered agent at the Cumming, Georgia address listed in Terra Tech's annual filing, but that he had sent the summons and complaint via statutory overnight delivery to that address. Counsel further asserted that he was "not aware of a last known address of a known officer of Terra Tech, Inc."

Terra Tech did not answer the complaint, and on October 23, 2019, Utilicom moved for the entry of a default judgment against it. The trial court entered a default judgment on December 12, 2019.

On January 27, 2020, Terra Tech moved to set aside the default judgment under OCGA § 9-11-60 (d) (1), arguing that the trial court lacked jurisdiction over it because Utilicom had not perfected service of process. In the alternative, Terra Tech asserted that the trial court had the discretion within the same term of court to set aside the judgment. Terra Tech maintained that Utilicom's attempt to serve it through the Secretary of State was premature because Utilicom had not attempted service at Terra Tech's last known address in Concord, North Carolina. With its motion, Terra Tech included an affidavit from its owner that included the credit application form it had submitted to Utilicom with the Concord, North Carolina address, and each of

4

the invoices forming the basis of the complaint that listed the North Carolina address as the "Bill To" and "Ship To" address. Additionally, the affidavit included a demand letter that Utilicom's counsel had sent to Terra Tech's owner at the Concord, North Carolina address in May 2019, prior to Utilicom's filing of the lawsuit. Terra Tech stated that it had no knowledge of the lawsuit or the default judgment until it received a letter from its bank at the Concord, North Carolina address informing it that the bank had been served with legal papers requiring it to restrict Terra Tech's accounts.

Utilicom opposed the motion, arguing that because Terra Tech did not have a registered agent to serve in Georgia, Utilicom had effected substituted service on Terra Tech through the office of the Secretary of State, OCGA § 9-11-4 (e) (1) (A). Utilicom further asserted that even if substituted service of process was insufficient, it effectively served Terra Tech under the Georgia Business Corporation Code, OCGA § 14-2-504.[1]

The trial court granted Terra Tech's motion to set aside the default judgment. In its order, the court concluded that because Utilicom "had actual knowledge of a

---

[1] OCGA § 14-2-504 (b) provides, in pertinent part, that, "[i]f a corporation has no registered agent or the agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the secretary of the corporation at its principal office."

valid address, or at least a last known address, for [Terra Tech] and one of its officers" – namely the Concord, North Carolina office – but failed to send the summons and a copy of the complaint to that address, service was insufficient under OCGA § 9-11-4 (e) (1).[2] As an alternative basis for its holding, the trial court expressly stated: "The Court further notes that it has the power within the same term of court during which the Judgment was entered to set aside the Judgment in the exercise of its discretion. . . . In the exercise of its discretion, the Court further finds that the Judgment should be vacated and set aside."

Utilicom argues the trial court erred in holding that service of process was insufficient. We need not reach that issue, however, because the trial court had the inherent power within its discretion to set aside the default judgment entered in the same term of court. See *Pope*, 277 Ga. at 334; *Holcomb*, 138 Ga. App. at 107.

In its order, the trial court expressly found that Utilicom "had actual knowledge of a valid address, or at least a last known address for [Terra Tech] and one of its officers" and yet failed to send the summons and a copy of the complaint to that address. The record fully supports that finding, and the trial court did not manifestly

---

[2] The trial court did not address whether service of process was effected under the Georgia Business Corporation Code.

6

abuse its discretion by concluding that those facts presented a meritorious reason for setting aside the default judgment. See *P.H.L. Development Corp.*, 174 Ga. App. at 328 (1) (holding that implicit in the trial court's ruling was "[the] finding of a meritorious reason, the promotion of justice, for exercising its inherent power to set aside the default judgment"); see also *Pope*, 277 Ga. at 334; *Holcomb*, 138 Ga. App. at 107. This is particularly true in light of the policy of our state that, "whenever possible[,] cases should be decided on their merits[,] for default judgment is not favored in law." (Citation and punctuation omitted.) *Gilliam v. Love*, 275 Ga. App. 687, 688 (621 SE2d 805) (2005) (recognizing, while discussing the opening of a default judgment under OCGA § 9-11-55, that "[o]ur courts have expressed a policy of liberality toward motions for relief from entry of default and have resolved doubts in favor of the party seeking relief so that the case can be heard on the merits.") (citation and punctuation omitted); see also *Bowen v. Savoy*, 308 Ga. 204, 209 (839 SE2d 546) (2020).

We simply do not agree with the dissent's position that no "meritorious reason" exists to justify the trial court's exercise of its discretion, particularly when Georgia law also gives the trial court the discretion to determine what constitutes a "meritorious reason" in this context. See *Pope*, 277 Ga. at 334; see also *P.H.L.*

7

*Development Corp.*, 174 Ga. App. at 328 (1) ("The promotion of justice is a meritorious reason which will support the trial court's exercise of its inherent power to set aside a judgment.").

*Judgment affirmed. Senior Appellate Judge Herbert E. Phipps concurs, McFadden, P. J., dissents.*

# In the Court of Appeals of Georgia

A21A0225. UTILICOM SUPPLY ASSOCIATES, LLC v. TERRA

    TECH, INC.

MCFADDEN, Presiding Judge, dissenting.

Citing the trial court's inherent power to set aside orders during the same term

of court, the majority affirms the set aside of the default judgment without addressing

whether or not Terra Tech received service of process and is currently in default. But

Terra Tech is in default, because Utilicom effected service of process under the

Georgia Business Corporation Code. Moreover, Terra Tech has not asked the trial

9

court to open the default or made a showing that would permit the trial court to exercise his discretion to open the default. Consequently, Utilicom is entitled to a default judgment. Under these circumstances, Terra Tech has shown no meritorious reason upon which the trial court could exercise his inherent power to set aside the default judgment, so I respectfully dissent.

1. *Service of process under the Georgia Business Corporation Code.*

The undisputed evidence shows that Utilicom perfected service of process under OCGA § 14-2-504 (b) of the Georgia Business Corporation Code. As the majority notes, at the time Utilicom filed its complaint on June 11, 2019, Terra Tech's annual filing with the Secretary of State of Georgia listed a particular address as the location of both its registered agent and its principal office, but neither the agent nor the office were, in fact, located at that address. Indeed, in its argument before the trial court, Terra Tech conceded that at the relevant time it did not have a registered agent in Georgia who could accept service of process on Terra Tech's behalf.

On August 23, 2019, Utilicom filed with the trial court a proof of service of process. It included with the proof of service the affidavit of its counsel, who among other things averred that he had been unable to locate and effect service on a registered agent at the Cumming, Georgia address listed in Terra Tech's annual filing

10

but that he had sent the summons and complaint via statutory overnight delivery to that address.

Utilicom argues on appeal that it perfected service of process upon Terra Tech under OCGA § 14-2-504 of the Georgia Business Corporation Code. I agree. Although the trial court did not expressly address service under that Code section in his order, Utilicom argued to the trial court that it perfected service of process upon Terra Tech under OCGA § 14-2-504 in addition to the Civil Practice Act, OCGA § 9-11-4. The trial court rejected that argument when he held in his order that Terra Tech "was not properly served with process under OCGA § 9-11-4 (e) (1) (A) *and has not otherwise been served with process in this action*." (Emphasis supplied.) So the issue is properly before this court. And I would hold that Utilicom properly served Terra Tech under the Georgia Business Corporation Code.

Under the Georgia Business Corporation Code, "[i]f a corporation has no registered agent or the agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the secretary of the corporation at its principal office." OCGA § 14-2-504 (b). The term "principal office" is defined to mean "the office in or out of the state so designated in the annual registration where

11

the principal executive offices of a domestic or foreign corporation are located." OCGA § 14-2-140 (22). The "annual registration" is the corporation's annual filing with the Secretary of State setting forth various information, including "[t]he mailing address of its principal office[.]" OCGA § 14-2-1622 (a) (3).

The affidavit of Utilicom's counsel, which was a part of its proof of service, indicated that counsel had sent the summons and complaint by statutory overnight delivery to the Cumming, Georgia address. See OCGA § 9-11-4 (h) (2) (listing the affidavit of a "proper person" as a form of proof, or return, of service). And under the statutory definition of "principal office" under the Georgia Business Corporation Code, the Cumming, Georgia address was Terra Tech's principal office for purposes of service under OCGA § 14-2-504 (b). See OCGA § 14-2-140 (22). Consequently, Utilicom's proof of service was prima facie proof that it made service of process upon Terra Tech under OCGA § 14-2-504 (b) by sending the summons and complaint via statutory overnight delivery to Terra Tech's primary office. See *Rafac* 357 Ga. App. at 554 ("The return of service constitutes prima facie proof as to the facts recited therein.") (citation and punctuation omitted). Although Terra Tech, as the defendant, "bore the heavy burden of showing improper service[,]" *Rafac*, supra at 555, it presented no evidence to dispute these particular facts.

12

Nevertheless, Terra Tech asserts that Utilicom did not attempt to serve it under OCGA § 14-2-504 or to prove service under that Code section because Utilicom did not mention that Code section in the notice of filing accompanying its proof of service. But Terra Tech points to no authority for the proposition that the absence of such a reference in the notice of filing negates an otherwise sufficient proof of service.

Terra Tech also asserts that the statutory definition of "principal office" in OCGA § 14-2-140 (22) "should not be controlling" because Utilicom had actual knowledge that Terra Tech's principal office was located elsewhere (in another state). But, again, it points to no authority permitting this court to "ignore the plain language of [the statutory definition] and write into the statute an exception for [instances in which a plaintiff knows the information contained in the annual filing with the Secretary of State is incorrect]." *Johns v. Suzuki Motor of America*, 310 Ga. 159, 170 (5) (850 SE2d 59) (2020).

To disregard the statutory definition of "principal office," as Terra Tech proposes, also conflicts with one of the purposes of the Georgia Business Corporation Code. The Georgia Business Corporation Code contains requirements for corporations doing business in Georgia that are "designed to make it simple for a

13

plaintiff to achieve service on a domestic corporation" and "virtually to eliminate the possibility of a domestic corporation's evading service of process." *O'Neal Constr. Co. v. Lexington Developers*, 240 Ga. 376, 378 (240 SE2d 856) (1977) (citation and punctuation omitted) (construing former version of OCGA § 14-2-504). As a condition of doing business in Georgia, Terra Tech had to abide by those requirements, *O'Neal Constr. Co.*, supra, including the requirement that Terra Tech maintain current information in its annual registration with the Secretary of State. OCGA § 14-2-1622 (b). Our Supreme Court held that it "work[ed] no hardship" on a corporation to recognize service of process upon it under the methods set forth in the Georgia Business Corporations Code in circumstances where, as here, the corporation failed both to maintain a registered agent in the state and to update its address with the office of the Secretary of State. *O'Neal Constr. Co.*, supra at 377-378. Indeed, OCGA § 14-2-504 (b) "explicitly contemplates the possibility that service may be deemed perfected even if there is no evidence that the corporation ever received the complaint[.]" *B&B Quick Lube v. G&K Svcs. Co.*, 283 Ga. App. 299, 301-302 (641 SE2d 198) (2007) (discussing OCGA § 14-2-504 (b) (3)), overruled in part on other grounds in *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 317-321 (2) & 319 (2) n. 2 (765 SE2d 413) (2014). Compare *Stone Exchange*

14

*v. Surface Technology Corp. of Ga.*, 269 Ga. App. 770, 773 (605 SE2d 404) (2004) (substituted service upon the Secretary of State under OCGA § 9-11-4 (e) (1) is not sufficient where plaintiff has actual knowledge of the corporation's current correct address, because the language of that Code section first requires an attempt to personally serve the officers of the corporation). The recognition of service of process under these circumstances does not implicate due process concerns. See *B&B Quick Lube*, supra at 302.

Simply put, the plain language of OCGA § 14-2-140 (22) and OCGA § 14-2-504 (b) provide that Terra Tech's "principal office," for purposes of service of process, was located at the Cumming, Georgia address. Because Terra Tech had no registered agent upon whom service of process could, with reasonable diligence, be made in Georgia, the Georgia Business Corporations Code permitted Utilicom to serve Terra Tech by sending the summons and complaint via statutory overnight delivery to that Cumming, Georgia address. The facts that Terra Tech could not actually receive those items at that address, and that Utilicom knew it could not do so, do not authorize this court to disregard the statutory language permitting service of process in this manner. Under the Georgia Business Corporations Code, it was

15

incumbent upon Terra Tech to provide to the office of the Secretary of State current information regarding its principal office.

2. *Authority of the trial court to set aside the default judgment during the same term of court.*

The majority holds that, whether or not service of process was effected in this case, it was within the trial court's discretion to set aside the default judgment within the same term of court. It is true that a "trial court may exercise discretion in setting aside a default judgment within the same term of court." *Ga. Receivables v. Murray*, 240 Ga. App. 676 (524 SE2d 518) (1999). But a trial court's inherent power to do so is merely an instance of the trial court's ability to reconsider decisions during the term. See *Bell v. Cochran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000) (explaining that a discretionary motion to set aside, calling for the trial court to set aside a judgment pursuant to its inherent power to modify judgments during the term of court, "is simply a request for the trial court to reconsider the decision") (citation and punctuation omitted). It not itself a ground for setting aside a judgment. And it is not, as Terra Tech asserts, absolute.

"Under our law, a judgment not based upon a jury verdict is considered within the breast of the court during the term of court in which it is entered and a court may

16

exercise its discretion *for meritorious reasons* to set aside a judgment within the same term of court." *Bridgestone/Firestone N. American Tire v. Jenkins*, 261 Ga. App. 20, 21 (2) (582 SE2d 9) (2003) (citations and punctuation omitted; emphasis supplied). This rule "reflects a balance between the need for finality of judicial decisions and the understanding that trial courts should have the opportunity to reach the *correct* decisions." *Lemcon USA Corp. v. Icon Technology Consulting*, 301 Ga. 888, 891 (804 SE2d 347) (2017) (citation, punctuation and some emphasis omitted; other emphasis in original). But this rule "was never intended to authorize the judge to set aside a judgment duly and regularly entered unless some meritorious reason is given therefor." *Hicks v. Hicks*, 226 Ga. 798, 799 (177 SE2d 690) (1970). The trial court's discretion in this context "is a legal discretion, to be exercised upon legal principles. It is not an arbitrary discretion, in the exercise of which the court may at its will set aside a judgment or order granted at the same term." *Florida Central R. Co. v. Luke*, 11 Ga. App. 290, 294 (75 SE 270) (1912).

Consequently, where "no grounds for setting aside the judgment [exist], it follows that [a] trial judge abuse[s] his discretion in vacating and setting aside the judgment[,]" even if the trial judge does so within the same term of court. *Hicks*, 226 Ga. at 800. In discussing what constitutes grounds for setting aside a judgment during

17

the same term of court, Georgia cases have used terms such as a "sound and good legal reason," *Davison-Paxon Co. v. Burkart*, 92 Ga. 80, 83 (88 SE2d 39) (1955), a "legal and satisfactory reason," *Cooley v. Tybee Beach Co.*, 99 Ga. 290 (25 SE 691) (1896), and "sufficient cause shown." *Cahoon v. Willis*, 179 Ga. 195, 197 (175 SE2d 563) (1934).

Georgia courts have found that trial courts did not have the discretion to set aside judgments, even in the same term of court, where there was no evidence authorizing a ruling in the favor of the party seeking a set aside. See *Glenn v. Glenn*, 152 Ga. 793 (111 378) (1922); *Daniels v. Burson*, 257 Ga. App. 318, 320 (1) (571 SE2d 184) (2002). Georgia court have also found that trial courts did not have the discretion to set aside a judgment, even in the same term of court, where the party seeking a set aside had no legal excuse for the behavior that led to the entry of a default judgment. See *Davison-Paxon Co.*, 92 Ga. at 83; *Troy v. City of Atlanta*, 158 Ga. App. 496, 497-498 (2) (280 SE2d 892) (1981).

For example, in *Troy*, supra, this court held that the defendant city's explanation that its city attorney's office had administrative problems was a "singularly unmeritorious reason for excusing the city from its obligation to respond to discovery," and so the trial court abused its discretion in setting aside a default

18

judgment that it had entered as a discovery sanction, even though the order setting aside the default judgment was within the same term of court. 158 Ga. App. at 497-498 (2).

Similarly, in *Davison-Paxon Co.*, supra, our Supreme Court held that the trial court correctly dismissed the defendant's motion to set aside a default judgment because the defendant had not provided a "sound and legal reason" for opening the default, holding that "[w]henever a motion is made to vacate a judgment, *even during the term of court at which the same was rendered*, the movant must allege and prove some reason good in law why he had failed to make his defense at the time required." 92 Ga. at 83 (citations and punctuation omitted).

In this case, the only ground for setting aside the default judgment that Terra Tech asserted to the trial court was that there had been no service of process and consequently that the default judgment was void. So Terra Tech did not seek to open default under OCGA § 9-11-55 (b), argue to the trial court that the evidence supported opening the default under that Code section, or make any of the showings that are required by that Code section for the trial court to exercise his discretion to open default. See *Brazell v. J. K. Boatwright & Co.*, 324 Ga. App. 502, 503 (751 SE2d 133) (2013) (trial court has no discretion to open the default unless the four

19

conditions precedent set forth in OCGA § 9-11-55 (b) are met). Cf. *Allison v. Garber*, 50 Ga. App. 333, 335 (178 SE 158) (1935) (trial court did not abuse its discretion by using plenary power to vacate a judgment against a defendant who had failed to appear for trial, where the defendant showed: that he and his counsel did not know the case was on the calendar; the evidence was insufficient to support the judgment; and the defendant had a meritorious defense).

Similarly, in his order, the only legal reason given by the trial court in his order for setting aside the default judgment was the purported lack of service. Nothing in the trial court's order suggested that he exercised his discretion to set aside the default judgment for any other legal reason.

For this reason, unlike the majority, I find no merit in Terra Tech's argument on appeal that, even if service was proper upon it, the trial court's finding that Utilicom deliberately disregarded Terra Tech's actual whereabouts could have supported a set aside. Because Terra Tech was served, it is in default. See OCGA § 9-11-55 (a) ("If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law."). And because Terra Tech is in default, Utilicom is entitled to a default judgment. See OCGA § 9-11-55 (a) ("If the

20

case is still in default after the expiration of the period of 15 days [after the day of default], the plaintiff at any time thereafter *shall be entitled* to verdict and judgment by default[.]") (emphasis supplied). Neither Terra Tech nor the majority offer any authority for the proposition that the trial court's inherent power to set aside judgments during the same term of court permits a trial court to withhold a judgment from a party even though the law requires judgment in that party's favor.

By affirming the grant of the motion to set aside the default judgment, even though Terra Tech received service of process and currently remains in default, this court is giving Terra Tech a "second bite at the apple," permitting it on remittitur to raise with the trial court for the first time arguments that the trial court should open default. But even if the trial court intended to give Terra Tech a second chance to make its case, that is not a meritorious reason for the exercise of the trial court's judgment. See *Dougherty-Little-Redwine Co. v. Hatcher*, 169 Ga. 858, 863 (151 SE 796 (1930) (a "court cannot suspend or vacate [a] judgment merely to let in a defense which should have been offered before judgment"); see also *Cahoon*, 179 Ga. at 97 (clarifying that the *Dougherty-Little-Redwine Co.* decision applied the rule that a trial court has plenary power to modify a judgment during the same term).

For these reasons I would reverse the order setting aside the default judgment.

21